**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JOSE CASTELLANOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-01970-DCN |
| vs. ) | |
| ) | **ORDER** |
| FLUOR-LANE SOUTH CAROLINA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The following matter is before the court on defendant Fluor-Lane South Carolina, LLC's ("Fluor-Lane") motion to dismiss, ECF No. 5, and plaintiff Jose Castellanos's ("Castellanos") motion to remand, ECF No. 6. For the reasons set forth below, the court grants the motion to remand and declines to consider the motion to dismiss.

## I.  BACKGROUND

This employment dispute arises out of Fluor-Lane's termination of Castellanos's employment on April 10, 2019 after he experienced an on-the-job injury. On March 1, 2022, Castellanos filed the instant action against Fluor-Lane in the Charleston County Court of Common Pleas, alleging breach of contract and wrongful termination. ECF No. 1-1, Compl. On June 22, 2022, Fluor-Lane removed the action to this court, alleging diversity of citizenship pursuant to 28 U.S.C. § 1332.

On June 29, 2022, Fluor-Lane filed a motion to dismiss. ECF No 5. In lieu of responding to the motion to dismiss, Castellanos filed a motion to remand. ECF No. 6. On July 7, 2022, Fluor-Lane responded in opposition to the motion to remand. ECF No. 7. Castellanos did not file a reply, and the time to do so has now expired. As such, the motion to remand is now ripe for the court's review.

1

## II. STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

## III. DISCUSSION

Castellanos requests that the court remand the matter to state court for lack of subject matter jurisdiction. Specifically, Castellanos argues that the court lacks diversity jurisdiction because the parties are not completely diverse and the amount in controversy

does not exceed $75,000.[1]  The court discusses each component of diversity jurisdiction in turn, ultimately finding that while the parties are completely diverse, the jurisdictional amount is lacking.

### A.  Complete Diversity

With the exception of certain class actions, § 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  For the purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 195 (4th Cir. 2017).  The parties agree that Castellanos is a citizen of South Carolina.  The citizenship of a limited liability company is determined by the citizenship of all of its members.  Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004).  Further, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Fluor-Lane is a limited liability corporation, and thus its citizenship is determined by its two members—Fluor Enterprises, Inc. ("FEI") and the Lane Construction Corporation ("Lane").  FEI is incorporated in California and has its principal place of business in Texas.  Lane is incorporated in Connecticut and has its principal place of business in Connecticut.  As such, the citizenship of every plaintiff is different from the citizenship of every defendant, and complete diversity of citizenship exists.[2]

---

[1] Neither party argues that this action implicates federal question jurisdiction, and the court is satisfied that it does not.

[2] Castellanos contends that diversity jurisdiction does not exist here because Fluor-Lane has "demonstrated sufficient minimum contacts" with and has "personally avail[ed] [itself] to the laws of" South Carolina "to assert personal jurisdiction over [FEI

### B. Amount in Controversy

Courts determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010); Brown v. VSC Fire & Sec., Inc., 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). Generally, in determining jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). However, in cases "where Plaintiff has alleged an indeterminate amount of damages . . . the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 667 (D.S.C. 2005). A court may determine if the jurisdictional amount has been met by applying a preponderance of the evidence test. See id.; Scott, 865 F.3d at 194 (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)).; Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (holding that "[i]f a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

In his original complaint, Castellanos seeks back wages, bonuses, front pay, prejudgment interest, punitive damages, attorneys' fees, and costs. Castellanos did not

---

and Lane]." ECF No. 6-1. In this argument, Castellanos appears to confuse the legal standard for evaluating whether diversity jurisdiction exists with the standard for determining whether the court has personal jurisdiction over a defendant. Fluor-Lane does not challenge the court's ability to exercise personal jurisdiction over it, and Castellanos's argument has no bearing on the motion before the court.

quantify these alleged damages in his original complaint. Two days after Fluor-Lane removed the action to this court, Castellanos filed an amended complaint in state court alleging that his requested damages do not exceed $75,000. ECF No. 6-1 at 9. Fluor-Lane argues that the court should disregard that amended complaint for purposes of determining the amount in controversy. To be sure, "[t]he law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction." Thompson v. Victoria Fire & Cas. Co., 32 F. Supp. 2d 847, 849 (D.S.C. 1999). "Nevertheless, various jurisdictions have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered a <u>clarification of an ambiguous complaint</u>, rather than a post-removal amendment of the plaintiff's complaint." Carter v. Bridgestone Ams., Inc., 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (emphasis added); see also Clifton v. Allen, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018); Brown v. VSC Fore & Sec, Inc., 2016 WL 1600126, at *3 (D.S.C. Apr. 20, 2016); Gwyn v. Wal–Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997). In other words, while the court should not consider a post-removal amendment that reduces or conflicts with the amount in controversy alleged in a plaintiff's original complaint, it may consider a post-removal clarification of the amount sought in an ambiguous complaint. See Stanley v. Auto-Owners Ins. Co., 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (considering a post-removal stipulation and remanding the case to state court). Because the original complaint was ambiguous as to the amount of damages sought, the court considers Castellanos's amended complaint as a clarification on the matter. And although Castellanos chose to clarify the amount through an allegation in the amended

complaint, the court finds that the "allegation" is indeed a clarification because it does not assert any new facts that affect the amount in controversy. Additionally, in his motion to remand, Castellanos again stipulates that "his damages do not exceed $75,000." ECF No. 6-1 at 3. The court likewise construes that stipulation as a permissible clarification as to the amount of damages sought. See Tommie v. Orkin, Inc., 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) ("The complaint requests an unspecified amount of damages. The court interprets Tommie's statement in the motion as to the amount in controversy as a stipulation that she cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs.").

      The parties provide the court no evidence by which it can ascertain for itself the amount in controversy. The court therefore finds that it is has no reason to doubt Castellanos's assertion that his claims will not exceed $75,000. Fluor-Lane perfunctorily argues that "based on the nature of [Castellanos's] requests, there is a legal certainty or least [sic] a reasonable probability that the possible damages sought by Plaintiff in his Complaint could exceed $75,000." ECF No. 7 at 3. The court cannot agree with Fluor-Lane's logic. The court has no information to quantify the amount of actual damages Castellanos seeks—including, importantly, his previous salary, hourly rate, or bonus structure at Fluor-Lane. The bare fact that Castellanos seeks punitive damages does not establish that the amount in controversy is met. See Cox v. Willhite Seed, Inc., 2014 WL 6816990, at *1–2 (D.S.C. Dec. 4, 2014) (remanding where the plaintiff requested "an award of actual and punitive damages, cost and attorney's fees" but stipulated he was seeking less than $75,000 in total damages); Hamilton v. Ocwen Loan Servicing, LLC,

2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) ("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."); Hagood v. Electrolux Home Prods., Inc., 2006 WL 1663804, at *2 (D.S.C. June 15, 2006) ("[I]t was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship."). As is well established by South Carolina courts, punitive damages must bear a reasonable relationship to compensatory damages. Hughey v. Ausborn, 154 S.E.2d 839, 841 (S.C. 1967). "Without any information regarding the potential actual damages, the court cannot speculate as to the possible punitive damages and whether they will exceed the jurisdictional amount." Crosby, 409 F. Supp. 2d at 668. Put another way, "[g]iven the general preference against removal . . . jurisdiction should not rest upon the metaphysical possibility of such an award of punitive damages." Spann v. Style Crest Prods., Inc., 171 F. Supp. 2d 605, 610 (D.S.C. 2001) (citation omitted).

Likewise, "[g]enerally, attorney's fees are not included in the amount-in-controversy calculation" unless the fees are provided for by contract or if a statute mandates or allows payment of attorney's fees. Francis, 709 F.3d at 368 (citation omitted). Fluor-Lane does not argue that either exception applies, and the court does not find any reason that either should. Because the burden of proving jurisdiction by a preponderance of the evidence rests with the removing party, and because no evidence at all has been presented regarding the extent of Castellanos's damages, the court finds that Fluor-Lane has not met its burden to show that Castellanos's claims are worth in excess of the jurisdictional amount. Castellanos's motion to remand is therefore granted. Since

the court lacks subject matter jurisdiction, it does not—and indeed may not—consider Fluor-Lane's motion to dismiss.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand and declines to consider the motion to dismiss.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 12, 2022**
**Charleston, South Carolina**

8